## KLEIN, Rec, etc v ◆REALTY BOARD INVESTORS, INC, et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12730. Decided May 2, 1933

John H. Orgill, Cleveland; Bulkley, Hauxhurst, Inglis and Sharp, Cleveland, for plaintiff.

Thompson, Hine and Flory, Cleveland, Carfield, Cross, MacGregor, Daoust and Baldwin, Cleveland, for defendants.

SHERICK, LEMERT and MONTGOMERY, JJ, (5th Dist), sitting.

MONTGOMERY, J.

This case is submitted to this court on a motion filed by the defendants to dismiss the appeal perfected to this court from the Court of Common Pleas of Cuyahoga County.

For us to re-state the issues, as presented by the pleadings in this case, would be superfluous and vain. Counsel are thoroughly familiar with the same, and the matter has been submitted on briefs prepared with great care on both sides. Suffice it to say that, in our judgment, this action is essentially one to enforce stockholders' liability. The other questions raised are ancillary, or incidental. The question of the validity of the action of the subscribers to the stock in reducing, on their own motion, the amount of their obligations, and the validity of the resolution passed by them, are questions of law incidental to the main issue which would be determined by the trial court and which would go only to the question of the amount of the recovery, in the event that the receiver should be entitled to recover upon these subscriptions. The relief sought against The Guardian Trust Company is, as we view it, purely incidental to the main cause of action. Unquestionably the principal issue is an issue of fact joined between the parties, as to which the right to a trial by jury exists, and it is a rule of law, well settled and long settled in Ohio, that in such a case there cannot be an appeal, even though there exist one or more causes of action which would otherwise authorize an appeal.

Bugh v Sturgeon, 41 Oh St, 402;

Chapman v Lee, 45 Oh St, 356.

Attention is directed to the case of The Union Savings Bank and Trust Company, Receiver v The Cincinnati and Columbus Traction Company, 13 Oh Ap Reports, page 9, the syllabus of which is as follows:

"1. An action by a receiver of a corporation for the purpose of recovering unpaid stock subscriptions is not a chancery case and is therefore not appealable.

"2. Such action is not brought within the jurisdiction of a court of chancery by a prayer which seeks to recover only so much of the unpaid stock subscriptions as is necessary to pay the debts and obligations of the corporation and to equalize such payments among all the stockholders."

See also Cincinnati Traction Company v Bank, 9 Oh Ap, 414.

The motion to dismiss the appeal is sustained. Exceptions may be noted.

SHERICK, PJ, and LEMERT, J, concur.